ADAMS, FOLLANSBEE, HAWLEY & SHOREY, for appellant.

RICE, LOWES, O'NEIL & RICHARDS and JAMES T. JARRELL, for appellee.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 836*—*when doctrine of respondeat superior applies.* The doctrine of *respondeat superior* applies only when the one sought to be charged has some right in some way to control the conduct of the one charged with having caused the injury.

2. MASTER AND SERVANT, § 867*—*when evidence shows independent contractor relation.* In an action to recover for personal injuries, evidence examined and *held* to show that the person through whose negligence the injury was alleged to have been caused was not working under the control and direction of defendant, but was an independent contractor, and that the doctrine of *respondeat superior* was inapplicable.

---

David A. Erikson, Appellee, v. Merchants Reserve Life Insurance Company, Appellant.

Gen. No. 23,192.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN K. PRINDIVILLE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Affirmed. Opinion filed January 30, 1918.

## Statement of the Case.

Action by David A. Erikson, plaintiff, against Merchants Reserve Life Insurance Company, a corpo-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Erikson v. Merchants Res. Life Ins. Co., 209 Ill. App. 342.

ration, defendant, to recover on a policy of life insurance. From a judgment for plaintiff for $1,000, defendant appeals.

ARCHIBALD A. McKINLEY and LUTHER F. BINKLEY, for appellant.

ALFRED A. NORTON and ALBERT G. MILLER, for appellee.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

## Abstract of the Decision.

1. INSURANCE, § 214*—*when statements claimed to be warranties considered as mere representations.* In an action on a policy of life insurance, warranties are not favored, and if there is anything tending to show that statements claimed to be warranties were not intended as such, the falsity of such statements as were not material to the risk and were honestly made in the belief that they were true will not prevent recovery, but will be considered as mere representations, even though the policy states that they are to be deemed warranties.

2. INSURANCE, § 214*—*when statement in health certificate filed on application for reinstatement does not constitute certificate a warranty.* In an action to recover on a policy of life insurance, the statement in a health certificate, filed on application for reinstatement, that the insured did "declare, guarantee and warrant" the statements therein contained, *held* not to constitute the certificate a warranty, when read in connection with the remainder of the certificate in which spaces to be filled in with particulars as to disease or injury suffered and physicians consulted were left blank.

3. INSURANCE, § 356*—*when imperfections in health certificate are waived on reinstatement.* Manifest imperfections in a health certificate filed on an application for the reinstatement of a policy of life insurance are waived where the insurer reinstated the policy without further inquiry.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.